PER CURIAM.
Appellant entered a guilty plea to a federal crime involving moral turpitude. The Department of Business and Professional Regulation, Division of Real Estate, filed an administrative complaint claiming that appellant had violated section 475.25(1)(f), Florida Statutes (2005), which provides that disciplinary action may be taken against the license of a real estate sales associate if the associate has been convicted of a crime involving moral turpitude. The administrative law judge recommended a sentence of a one-year license suspension followed by two years of proba *627 tion. The Florida Real Estate Commission found that the judge’s findings of fact were supported by competent substantial evidence. Without giving any reasons, the Commission imposed a two-year license suspension, followed by three years of probation.
Section 120.57(1)(l), Florida Statutes (2005), sets out the requirement the Department must follow when considering a penalty recommendation of an ALJ:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
In this case, the Commission increased the recommended penalty, but failed to articulate its reasons for doing so in its final order. The Commission also neglected to cite to those portions of the record which justified its increased penalty. As the Department concedes, this was error. We therefore reverse the sentence imposed and remand to the Commission to reevaluate the sentence in light of section 120.57(1)(l). See Sea Pride Indus., Inc. v. Dep’t of Banking & Fin., Div. of Fin. Investigations, 717 So.2d 616 (Fla. 1st DCA 1998).
We reject appellant’s argument that there was a lack of substantial competent evidence to support the penalty imposed by the ALJ.
WARNER, FARMER and GROSS, JJ., concur.